## MICHAEL MOORE v. COMMONWEALTH.

**Homicide—Instruction.**

In an action for homicide it was held proper to instruct the jury that if they believe from all the evidence in the case, beyond a reasonable doubt, that accused committed the offense, describing it, as charged in the indictment, and not in his own necessary self-defense, the verdict should be for the defendant was held proper.

**Criminal Law—Reversal—Instruction.**

If the right of self-defense in a prosecution for homicide was not presented by instruction, the Court of Appeals will not reverse the case where it does not appear that the substantial rights of the accused had been prejudiced.

**Homicide—Self-Defense—Question for Jury.**

Whether or not the accused acted in his necessary self-defense, is a question for the jury to determine, and not for the court.

**Homicide—Justification—Burden of Proof.**

Where in a prosecution for homicide the commonwealth has shown the killing on the part of the accused without mitigating circumstances or excuse, the burden is on the party charged to show justification in order to entitle him to acquittal.

**Criminal Law—Burden of Proof.**

Where the evidence on the part of the commonwealth, or that offered both by the commonwealth and accused, relates to what took place at the time the alleged offense was committed, or arises out of the circumstances attending it, the burden is on the prosecution.

**Criminal Law—Instruction.**

An instruction in a criminal case should be so plain as to leave no room for contention as to its meaning and should not contain any statement calculated to confuse or mislead the jury.

**Homicide—Dying Declaration.**

The fact that deceased was not advised by his physician as to his condition, and did not seek spiritual comfort, does not destroy the effect of his dying declarations, where they were made under a sense of impending death.

**Homicide—Dying Declaration—Credibility.**

If dying declarations are admitted in evidence, their credibility is a question for the jury.

APPEAL FROM PENDLETON CIRCUIT COURT.

October 21, 1873.

OPINION BY JUDGE PRYOR:

The commonwealth, in the prosecution of a citizen for the offense of manslaughter or for a lesser or higher grade of of-

fense where an injury to the person is involved, is entitled to a conviction, where the fact of the killing or injury without justification is established.

Although this legal proposition is unquestioned, still it would be error on the part of the court to tell the jury that from the evidence in the case they must find the accused guilty, even where there was an entire absence of any testimony on the part of the defense justifying the act. It would be proper to instruct in such a case that if the jury believe, from all the evidence in the case, beyond a reasonable doubt, that the accused committed the offense, describing it, as charged in the indictment and not in his own necessary self-defense, they must find him guilty.

If, upon an examination of the record in this court, where the right of self-defense in an indictment for homicide had not been presented by an instruction, it should appear that there was no evidence even of the slightest character showing that the accused was not acting in self-defense, this court would not reverse for the reason that the substantial rights of the party had not been prejudiced. We can scarcely conceive, however, of a case where there is evidence of a mutual altercation between parties, or even an assault by one and a resistance by the other, where each or both of the parties, when prosecuted by indictment, are not entitled, when asked for, to have an instruction based upon the principle of self-defense given the jury, and certainly, in every case where the circumstances are such as evidence a mutual quarrel and fight, but no eye-witness to the difficulty itself. Whether or not the circumstances developed in such a case are such as indicate that the accused acted in self-defense is a question alone for the jury and not for the court to determine. It may also be assumed, as a legal conclusion, that where the commonwealth has shown the killing on the part of the accused without any mitigating circumstance or excuse, that the onus is on the party charged to show justification in order to entitle him to an acquittal. It is not proper, however, for the court to so instruct the jury in a case like this. There are cases where the defense is entirely disconnected with the killing or the difficulty resulting in the death, that the onus is on the accused and the court may so tell the jury, such as an alibi, former acquittal, etc.; but where the evidence on the part of the commonwealth, or that offered by both the common-

wealth and the accused, relates to what took place at the time the alleged offense is said to have been committed, or arise out of the circumstances attending it, the burden of proof is always upon the prosecution.

The burden being on the prosecution, if the jury believe from all the facts and circumstances proven in the case, that the accused acted in his own self-defense in slaying his adversary, he is entitled to an acquittal; and if the jury have a reasonable doubt as to his guilt they must acquit. (1 Wharton Criminal Law 708, n.) If there is excuse or justification appearing in the proof offered by the prosecution or from the circumstances attending the homicide, then in contemplation of law, the accused is not guilty; for if excusable, it is not criminal. 9 Met. (Mass.) 116. Commonwealth v. Webster, 5 Cush. (Mass.) 295. The court tells the jury what self-defense means; and whether or not the evidence and circumstances shown in the case sustain the plea is for the jury alone to determine.

By instruction number 4, given at the instance of the commonwealth, the jury are told that the onus showing the excuse or justification is on the accused, unless it has already been established by the commonwealth. This is error, as has already been suggested, the burden being on the prosecution, the jury must look to all the facts and circumstances permitted to go to the jury and offered by both the commonwealth and the accused, in order to determine criminal intent. The jury are also told in this same instruction, that if the deceased went upon the prisoner's premises without right, then the accused may avail himself of the facts, if any exist, to which the doctrine of self-defense may be applied. The legal mind can perceive the object of this instruction, but a jury might infer from it that self-defense could not be relied on if the deceased had the right to go upon Moore's premises. An instruction in a criminal case should be so plain as to leave no room for contention as to its meaning, containing no statement calculated to confuse or mislead the jury.

We perceive no reason for repeating the declarations made by the accused as to the manner of the killing, as shown by the testimony of the wife and daughter of the deceased. The deceased seems to have indulged in, and expressed the belief that he would die from the time he was injured, entertaining no hope of recovery, and to bring the case clearly within the rule,

he was impressed with the idea of almost immediate dissolution. He said to his daughter that he would not live to see morning, and all of his statements seem to have been made under a sense of impending death. It is true that the physicians seem not to have advised him as to his condition, nor did he seek spiritual comfort from any one; still the absence of these circumstances are not sufficient to destroy the effect of his dying declarations. Whether or not the statements of Miss Hall were competent, is a question of doubt. The declarations made by the deceased to her were made on Thursday before he died. The physician says that on that day he was delirious; but whether he means to say that he was delirious all the time or only at intervals we can not determine. The admission of this testimony is with the court. The proof in regard to deceased's condition must be addressed to the judge, and he can hear proof from either side in determining the question as to the admission of these declarations. We can not adjudge from the proof before us that the court erred in admitting Miss Hall's statement as to these declarations. When dying declarations have been admitted by the court, its credibility, like other testimony, is entirely with the jury. "They are at liberty to weigh all the circumstances under which they were made and give to them such credit as they may think proper." Greenleaf on Evidence, page 214.

We perceive no error on the part of the court in refusing the instructions asked for by the defense. For the reasons indicated the judgment of the court below is reversed and cause remanded for further proceedings consistent with this opinion.

*Ireland, for appellant.*

——, *for appellee.*